IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ADOPTING STIPULATION** |
| vs. | ) | **FOR COMPETENCY RESTORATION** |
| | ) | |
| Zoepeawon Moore, | ) | Case No. 3:22-cr-212 |
| | ) | |
| Defendant. | ) | |

The parties filed a stipulation regarding competency restoration for Defendant Zoepeawon Moore.  Doc. 28.  Moore was evaluated by Dr. Jay Phillippi, a licensed psychologist.  On August 18, 2023, Dr. Phillippi's forensic evaluation was filed with the Court.  Doc. 31.  Dr. Phillippi issued a detailed report based on the evaluation and opined that Moore is not presently competent.  Id.

The parties stipulated Moore is presently incompetent to proceed.  Doc. 28.  The parties further agree a competency hearing is unnecessary considering the findings detailed in the report.  The parties request that the Court issue an order committing Moore to the custody of the Attorney General for treatment in a suitable facility for a reasonable period of time in compliance with the statute, as is necessary to determine whether there is a substantial probability that in the foreseeable future Moore will attain the capacity to permit the proceedings to go forward.

"Determining whether a defendant is competent to stand trial 'is committed to the discretion of the district court.'"  United States v. DeCoteau, 630 F.3d 1091, 1095 (8th Cir. 2011) (quoting United States v. Whittington, 586 F.3d 613, 617 (8th Cir. 2009)).  Dr. Phillippi is a well-trained and competent professional whose opinions are reasonable, straightforward, and unchallenged.  He is a forensic psychologist who conducted extensive reviews of Moore's records and utilized several forensic tests and assessments to formulate opinions on competency.  Based

on the undisputed evidence in the record, the Court finds by a preponderance of the evidence that Moore is presently not mentally competent to stand trial, and he is incapable of participating in the judicial proceedings to determine the validity of the criminal charges filed against him. The Court incorporates by reference into this order each of the specific factual findings made by Dr. Phillippi (Doc. 31) as to Moore's lack of competence to stand trial. The Court **ADOPTS** the parties' stipulation (Doc. 28) and finds that because Moore is not mentally competent and is unable to understand the nature and the consequences of the proceedings against him, he is unable to properly assist in his defense. See 18 U.S.C. § 4241(d). As a result, the Court is required to commit Moore to the custody of the Attorney General pursuant to the provisions of 18 U.S.C. § 4241(d) to determine his capacity to proceed in the foreseeable future.

The statutory scheme set forth in 18 U.S.C. § 4241(d) gives the Court discretion to initially determine whether the defendant is competent to stand trial. But the Eighth Circuit Court of Appeals has specifically held that district courts do not have the discretion—prior to a reasonable period of hospitalization in the custody of the Attorney General—to determine whether the defendant will likely attain the capacity to stand trial. United States v. Ferro, 321 F.3d 756, 761 (8th Cir. 2003). Instead, 18 U.S.C. § 4241(d) provides that the Attorney General "shall hospitalize the defendant for treatment in a suitable facility . . . as is necessary" to determine whether the defendant's condition will improve to attain the capacity necessary to proceed to trial. So, if there is an initial finding of incompetence to stand trial, there must be a period of hospitalization.

Pursuant to 18 U.S.C. § 4241(d), the Court **ORDERS** that Moore be committed to the custody of the Attorney General:

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
> (2) for an additional reasonable period of time until –

      (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
      (B) the pending charges against him are disposed of according to law; whichever is earlier.

If at the end of the time specified, it is determined Moore's mental condition has not improved to permit proceedings to go forward, Moore is then subject to the provisions of 18 U.S.C. §§ 4246 and 4248 (dangerousness assessment and hearing). If the Bureau of Prisons determines that restoration is unlikely, the Court respectfully requests that a dangerousness assessment consistent with the requirements of 18 U.S.C. §§ 4246 and 4248 be conducted at the same time Moore is hospitalized. Because Moore has now been found incompetent, until a competency hearing is held and the Court finds that his competency has been restored, the October 31, 2023, trial date is cancelled, and the trial date will be held abeyance pending a decision on his competency to proceed to trial. See 18 U.S.C. § 3161(h)(4).

      **IT IS SO ORDERED**.

      Dated this 21st day of August, 2023.

      */s/ Peter D. Welte*
      Peter D. Welte, Chief Judge
      United States District Court