**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:22-cr-212 |
| Zoepeawon Moore, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Zoepeawon Moore moves for discovery after his motion to represent himself was granted. Doc. 82. The United States requests discovery be made available only to Moore's standby counsel, which would permit him to view discovery during business hours and throughout trial. Doc. 84. For support, the United States cites concerns about witness tampering and the release of sensitive information. Id.

In a different context, the Eighth Circuit stated a criminal defendant's right to self-representation is abrogated if he is denied "the ability to prepare for trial." United States v. Ladeaux, 61 F.4th 582, 586 n.4 (8th Cir. 2023). Because Moore's ability to access discovery affects his ability to prepare for trial, see id., the United States' proposed restrictions are unwarranted at this stage. Moore is not charged with witness tampering, and he has been on release for over two years. Moore's motion (Doc. 82) is **GRANTED**. The United States, Moore, and his standby counsel must work together to ensure Moore has access to the required disclosures.

**IT IS SO ORDERED**.

Dated this 8th day of January, 2025.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court