IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZOEPEAWON MOORE,<br><br>　　　　　Defendant. | Case No. 3:22-cr-212<br><br>**UNITED STATES' MOTION TO CONTINUE TRIAL** |

　　　　The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Jacob T. Rodenbiker and Christopher C. Myers, Assistant United States Attorneys, moves the Court to continue the jury trial currently scheduled for January 14, 2025, for a period of at least 30 days. The ends of justice served by taking such action outweigh the best interests of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Failure to grant such a continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). The reasons why are spelled out below.

　　　　According to its records, the United States has been providing the Defendant, through his court-appointed counsel, discovery materials from December 2, 2022, through January 7, 2025, pursuant to the stipulated discovery order in this case.[1] (Doc. 14) The discovery materials in this case are voluminous and include more than 11,000

---

[1] There have been approximately 20 unique batches of discovery disclosed to his counsel. The time it would take for the transfer of all discovery previously provided to-date from the current location to an external hard drive for the Defendant is estimated at more than an entire business day in itself. This is not for personnel to be working but merely for the data to move from one place to the other; that illustrates the volume of data at issue.

Bates-stamped pages of discovery, numerous recordings, and sensitive materials, including but not limited to, grand jury materials and numerous documents with personally identifiable information (PII) that is otherwise protected by the stipulated discovery order. The discovery is voluminous in large part due to a murder that took place in furtherance of the drug trafficking conspiracy. Though the Defendant is not currently charged in relation to that murder, because of his involvement in the conspiracy and the nature of the joint state-federal investigation, the materials have all been combined since the inception. There is not, so to speak, a pre-existing set of materials that pertains only to the marijuana dealing, another that pertains only to the homicide, and a third that pertains to witness tampering: there is only one set. This intertwined set is what the United States has disclosed to Defendant's counsel over the course of the last two years as this and related cases[2] have proceeded in the state and federal courts.

Late last week, however, the United States was informed the Defendant has elected to proceed *pro se* with stand-by counsel. In an Order issued today, two business days before trial,[3] the Court has ordered the United States to work with the Defendant and stand-by counsel to ensure the Defendant has the discovery materials. (Doc. 87) The United States intends to comply with the Order and understands the Defendant is entitled

---

[2] In federal court, related cases include United States v. Jesse Burnett, et al., Case No. 3:23-cr-45 (D.N.D.) and United States v. Ahmed Hassan, Case No. 3:24-cr-11 (D.N.D.). In North Dakota, a related case is State v. Joshua Brooks, Case No. 09-2022-CR-4179 (Cass County, East Central Judicial District).

[3] Federal government offices, including this Court, are closed on January 9 in observance of the National Day of Mourning for former President James Earl Carter Jr.

to discovery under the rules, statutes, and caselaw that govern federal criminal cases. But the Defendant is not entitled to possess himself everything that his attorney received.[4] The Court's Order mandates the Defendant receive only "the required disclosures." (Doc. 87) As such, the United States does not intend to simply disclose to the Defendant himself all of the previous materials previously provided to his counsel. The Court has not ordered the United States to do that, and the Defendant is not entitled to all of it.

Instead, the United States is faced with the impossible: it must review all of the discovery; identify the information to which the Defendant is entitled under the rules, statutes and caselaw; redact information like PII as necessary; reprocess and produce that information; and then provide the reviewed, redacted, and reprocessed discovery to which the Defendant is entitled on an external hard drive for the Defendant to use. As noted previously, this investigation involves a murder along with drug and witness tampering conspiracies. The United States cannot, without jeopardizing cooperating witnesses that may not even testify in this trial, go through all this discovery before the scheduled start of this trial. This cannot occur in the few days remaining before January 14, even if the Defendant believes he has adequate time to make use of it for trial.

The United States requests the Court continue the trial for good cause and to make findings under the Speedy Trial Act that excludes the intervening time. See 18 U.S.C. § 3161(h)(7)(A). The Defendant's decision to proceed *pro se* on the eve of trial

---

[4] As the Court is aware, providing discovery pursuant to the stipulated discovery order allows defendants to have access to far more discovery materials than they are otherwise entitled to under applicable federal law.

combined with his unwillingness to accept the accommodations the United States and his standby counsel had made for him to review the previously provided discovery, under the stipulated discovery order, has brought about this dilemma. Absent a continuance, proceeding apace next week is impossible and justice would not be served in this case. See 18 U.S.C. § 3161(h)(7)(b). Because of this, the United States respectfully requests the Court continue the trial for at least 30 days.

Dated: January 8, 2025

        MAC SCHNEIDER
        United States Attorney

By: /s/ *Jacob T. Rodenbiker*
     JACOB T. RODENBIKER
     Assistant United States Attorney
     ND Bar ID 06497
     655 First Avenue North, Suite 250
     Fargo, ND 58102-4932
     (701) 297-7400
     jake.rodenbiker@usdoj.gov

By: */s/ Christopher C. Myers*
     CHRISTOPHER C. MYERS
     Assistant United States Attorney
     ND Bar ID 05317
     655 First Avenue North, Suite 250
     Fargo, ND 58102-4932
     (701) 297-7400
     chris.c.myers@usdoj.gov

     Attorneys for United States

## CERTIFICATE OF SERVICE

I certify that the above document was filed electronically with the court's electronic-filing system, which will send a notice of electronic filing to the following:

Rhiannon Gorham
rhi_gorham@fd.org

I further certify that a filed copy of the above document will be e-mailed today to the following non-ECF participant:

Zoe Moore
billzoepeawon@gmail.com

Dated:  January 8, 2025

/s/ *Jacob T. Rodenbiker*
Jacob T. Rodenbiker
Assistant United States Attorney