IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZOEPEAWON MOORE, a/k/a ZOE MOORE, a/k/a CHIEF EXECUTIVE,<br><br>Defendant. | Case No. 3:22-cr-00212 |

**UNITED STATES' REQUESTED JURY INSTRUCTIONS**

The United States requests the Court use the 2023 Eighth Circuit Model Jury Instructions as noted in the Table of Contents. The United States has also identified and articulated additional requested instructions and any modifications to the Model Jury Instructions.

Dated: January 8, 2025

                                          MAC SCHNEIDER
                                          United States Attorney

                By:   */s/ Christopher C. Myers*
                      CHRISTOPHER C. MYERS
                      Assistant United States Attorney
                      ND Bar ID 05317
                      655 First Avenue North, Suite 250
                      Fargo, ND  58102-4932
                      (701) 297-7400
                      chris.c.myers@usdoj.gov
                      Attorney for United States

# UNITED STATES' REQUESTED JURY INSTRUCTIONS

TABLE OF CONTENTS

1. Inferences from the Evidence ............................................................................... 3
2. Success of Conspiracy Immaterial ........................................................................ 4
3. Controlled Substance – Defined ........................................................................... 5

Eighth Circuit Model Jury Instructions per D.N.D. Crim. L. R. 30.1(B)
4. § 0.01—Instructions Before Voir Dire
5. § 1.01—General: Nature of Case; Nature of Indictment; Burden of Proof; Presumption of Innocence; Duty of Jury; Cautionary
6. § 1.03—Evidence; Limitations
7. § 1.05—Credibility of Witnesses
8. § 1.06A—No Transcript Available–Notetaking
9. § 1.07—Bench Conferences and Recesses
10. § 1.08—Conduct of the Jury
11. § 1.09—Outline of Trial
12. § 2.25—Duties of Jury–At the Close of the Case
13. § 3.01—Introduction
14. § 3.02—Duty of Jury
15. § 3.03—Evidence; Limitations
16. § 3.04—Credibility of Witnesses
17. § 3.05—Description of Charges; Indictment Not Evidence; Presumption of Innocence; Burden of Proof (Single Defendant, Single Count)
18. § 3.09—Elements of Offense–Burden of Proof
19. § 3.11—Reasonable Doubt
20. § 3.12—Election of Foreperson; Duty to Deliberate; Punishment Not a Factor; Communications with Court; Cautionary; Verdict Form
21. § 3.13—Venue
22. § 3.14—Date of Crime Charged
23. § 5.01—Aiding and Abetting
24. § 5.06A-2—Conspiracy: Elements Explained
25. § 6.21.846A—Conspiracy
26. § 7.05—Proof of Intent or Knowledge

# UNITED STATES' REQUESTED JURY INSTRUCTION NO. 1

## INFERENCES FROM THE EVIDENCE

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12:05 (6th ed.) (Feb. 2024 update).

## UNITED STATES' REQUESTED JURY INSTRUCTION NO. 2

SUCCESS OF CONSPIRACY IMMATERIAL

The United States is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

---

2 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.08 (6th ed.) (Feb. 2024 update) (as modified).

## **UNITED STATES' REQUESTED JURY INSTRUCTION NO. 3**

CONTROLLED SUBSTANCE - DEFINED

You are instructed, as a matter of law, that marijuana is a controlled substance. It is solely for the jury, however, to determine whether or not the United States has proven beyond a reasonable doubt that the defendant conspired to possess with intent to distribute a controlled substance or conspired to distribute a controlled substance.

2B O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 64:13 (6th ed.) (Feb. 2024 update) (as modified).

# UNITED STATES' REQUESTED JURY INSTRUCTION NO. 25

ELEMENTS: CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND DISTRIBUTE A CONTROLLED SUBSTANCE

The crime of conspiracy to possess with intent to distribute and distribute a controlled substance, as charged in the Indictment, has three essential elements, which are:

One, in or about January 2020 through February 2021, two or more persons reached an agreement or came to an understanding to possess with intent to distribute or distribute a mixture and substance containing a detectable amount of marijuana;

Two, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

Three, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

For you to find the defendant guilty of the crime charged in the Indictment, the United States must prove all of these elements beyond a reasonable doubt; otherwise, you must find the defendant not guilty.

Model Crim. Jury Instr. 8th Cir. 6.21.846A (2023) (as modified).

## CERTIFICATE OF SERVICE

I certify that the above document was filed electronically with the court's electronic-filing system, which will send a notice of electronic filing to the following:

Rhiannon Gorham
rhi_gorham@fd.org

I further certify that a filed copy of the above document will be e-mailed today to the following non-ECF participant:

Zoe Moore
billzoepeawon@gmail.com

Dated:  January 10, 2025

                                      /s/ *Trina Hiemer*
                                      Trina Hiemer
                                      Assistant United States Attorney