IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZOEPEAWON MOORE,<br><br>　　　　Defendant. | Case No. 3:22-cr-212<br><br>**UNITED STATES' MOTION FOR PRETRIAL PSYCHIATRIC OR PSYCHOLOGICAL EVALUATION** |

　　The United States of America, by Jennifer Klemetsrud Puhl, Acting United States Attorney for the District of North Dakota, and Jacob T. Rodenbiker, Assistant United States Attorney, pursuant to 18 U.S.C. §§ 4241(a), (b) and 4247(b), requests that this Court order Defendant be committed to the custody of the Attorney General for purposes of a psychiatric or psychological examination of the Defendant and preparation of a psychiatric or psychological consistent with the requirements of 18 U.S.C. §§ 4247(b) and (c). The United States further requests this Court order the report be provided to the Court and the parties and schedule a competency hearing upon receipt of the report.

　　Under 18 U.S.C. § 4241, this Court shall order a hearing to determine the mental competency of a defendant if there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Prior to such a hearing, Section 4241(b) states that a court may order that a psychiatric evaluation of the defendant be performed.

Here, an Indictment charges the Defendant with Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. § 846. (Doc. 2.) Moore is currently on pretrial release. (*See* Docs. 54, 85, and 106) He is set for jury trial June 3. (Doc. 102.) Late last week, his attorney moved to withdraw. (Doc. 103.)

Moore previously was evaluated for competency outside the custody of the Attorney General. (Doc. 28.) Having been found not competent to stand trial, was subsequently restored to competency in the custody of the Attorney General, at the Bureau of Prisons ("BOP"). (Doc. 64.) Within the last week, the United States has received information through U.S. Pretrial Services to Moore's counsel and the undersigned, as well as counsel's motion to withdraw (Doc. 103), which considered separately or together gives the undersigned attorney for the Government reasonable cause to believe the Defendant may presently be suffering from a mental disease or defect that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a).

Therefore, pursuant to 18 U.S.C. § 4241, the United States requests that this Court order the Defendant undergo an evaluation to determine whether he is mentally competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense. In order to facilitate this evaluation, the United States requests that the Defendant be committed to the custody of the Attorney General so that he may be examined for a reasonable period, not to exceed 30 days subject to application for extension by the director, at a suitable BOP facility according to 18 U.S.C. § 4247(b).

Upon conclusion of the psychiatric or psychological examination, the United States requests the Court hold a hearing under 18 U.S.C. §§ 4241(c) and 4247(d).

For these reasons, the United States requests the Court order commitment and evaluation of competency, preparation of a report, and following receipt of the report, scheduling of a competency hearing as may be necessary.

Dated: May 13, 2025

> JENNIFER KLEMETSRUD PUHL
> Acting United States Attorney
>
> By:   /s/ *Jacob T. Rodenbiker*
> JACOB T. RODENBIKER
> Assistant United States Attorney
> ND Bar ID 06497
> 655 First Avenue North, Suite 250
> Fargo, ND  58102-4932
> (701) 297-7400
> jake.rodenbiker@usdoj.gov