IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

_____

United States of America,                           Case No. 3:22-CR-00212

              Plaintiff,

v.

Zoepeawon Moore

              Defendant.

_____

**RESPONSE TO GOVERNMENT'S MOTION FOR PRETRIAL PSYCHIATRIC OR PHYCHOLOGICAL EVALUATION**

The United States, by and through the United States Attorney's Office for the District of North Dakota, has moved the Court for a "pretrial psychiatric or psychological evaluation" pursuant to 18 U.S.C. § 4241(a)&(b). Doc. 108. Subsections (a) and (b) of § 4241, however, provide the roadmap of how a federal criminal defendant like Moore could be required to undergo such an exam.

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant.  The court **shall** grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a)

> Prior to the date of the hearing, the court **may** order that a psychiatric or psychological examination of the defendant be conducted and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4241(b)

"The hearing shall be conducted pursuant to the provisions of section 4247(d)", 18 U.S.C. 4241(c), which provides:

> At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

So, in a nutshell, either the Government, the defendant or the Court can request or set a hearing on competency, which the Court must ("shall") grant, but the decision on whether an evaluation is need is left to the discretion ("may") of the Court. See Me. Comty Health Options v. United States, 590 U.S. ____, 140 S. Ct. 1308, 1321 2020) (When Congress distinguishes between "may" and "shall", it is generally clear that "shall" imposes a mandatory duty.).

Here, Moore objects to the government's Motion that he be ordered by the Court to undergo an evaluation to determine his competency, but agrees that a hearing should (must) be held where the Court either makes a ruling on competency based on the evidence presented at the hearing or, if as a result of the evidence presented at the hearing the Court determines it needs additional evidence/information, then order Moore to undergo a competency evaluation.

In determining whether Moore is competent to stand trial, the Court must determine, based upon a preponderance of the evidence "whether [Moore] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the

proceedings against him." Dusky v. United States, 362 U.S. 402 (1960); see Cooper v. Oklahoma, 517 U.S. 348 (1996) (preponderance of evidence standard).

Respectfully submitted this 19th day of May, 2024.

STOCK LAW, SP

*/s/Charles A. Stock*

_____
Charles A. Stock
P.O. Box 612
Hillsboro, ND 58045
cstock@hillsboro-law.com
218-790-1802
ND Atty. ID#: 05018
MN Atty. ID#: 0243632

**Certificate of Service**

I hereby certify that on the 19th day of May, 2025, the following document(s):

**RESPONSE TO GOVERNMENT'S MOTION FOR PRETRIAL PSYCHIATRIC OR PHYCHOLOGICAL EVALUATION**

was/were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to all interested parties.

I further certify that a copy of the foregoing documents and the Notice of Electronic Filing will be mailed first class mail, postage paid, to the following non-ECF participants: N/A.

STOCK LAW, SP

*/s/Charles A. Stock*

_____

Charles A. Stock
P.O. Box 612
Hillsboro, ND 58045
cstock@hillsboro-law.com
218-790-1802
ND Atty. ID#: 05018
MN Atty. ID#: 0243632