# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
|       Plaintiff, | ) **ORDER GRANTING MOTION** |
| | ) **FOR EVALUATION** |
| vs. | ) |
| | ) Case No. 3:22-cr-212 |
| Zoepeawon Moore, | ) |
| | ) |
|       Defendant. | ) |

The United States moves for a psychiatric or psychological evaluation of Defendant Zoepeawon Moore. Doc. 108. The United States requests that a psychological or psychiatric evaluation be performed to determine whether Moore is presently suffering from a mental disease or defect that would render him mentally incompetent and therefore unable to assist properly in his defense. The motion is made pursuant to 18 U.S.C. §§ 4241(a), (b), and 4247(b). Moore objects to the motion. Doc. 112.

The Court finds there is reasonable cause to believe Moore may be presently suffering from a mental disease or deficit rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. And the Court **GRANTS** the United States' motion for an evaluation (Doc. 108).

It is **ORDERED** that, pursuant to 18 U.S.C. § 4241(b), Moore is remanded to the custody of the Attorney General for the purpose of conducting psychiatric and/or psychological examinations to evaluate his mental condition and competence to stand trial. These examinations are to be performed in accord with 18 U.S.C. §§ 4247(b) and (c). A psychiatric or psychological report shall be prepared by the examiner and shall include all information required as set forth in 18 U.S.C. § 4247(c) which provides as follows:

A psychiatric or psychological report ordered pursuant to this chapter shall be prepared by the examiner designated to conduct the psychiatric or psychological examination, shall be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government, and shall include –

(1) the person's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and—

    (A) if the examination is ordered under section 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The resulting report shall be provided to the Court by the assigned examiner. Upon receipt of the report, the Court will distribute copies of the report to counsel and schedule a competency hearing. The trial will be reset to a date to be determined. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the time that accumulates from the filing of the motion for competency evaluation through the subsequent hearing and the issuance of an order by the Court on competency is excluded from the computation of time under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(A) and § 3161(h)(8)(B)(iv).

**IT IS SO ORDERED**.

Dated this 22nd day of May, 2025.

                                                  */s/ Peter D. Welte*
                                                  Peter D. Welte, Chief Judge
                                                  United States District Court