## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING STIPULATION** |
| | ) | |
| vs. | ) | Case No. 3:22-cr-212 |
| | ) | |
| Zoepeawon Moore, | ) | |
| | ) | |
| Defendant. | ) | |

The parties filed a stipulation of competency as to Defendant Zoepeawon Moore. Doc. 125. The United States moved for a psychological evaluation to determine competency. Doc. 108. The Court granted the motion. Doc. 117. Dr. Brandon McCormick and Dr. Angela van der Walt, licensed clinical psychologists for the Federal Bureau of Prisons, performed the evaluation. On August 1, 2025, their evaluation was filed. Doc. 124. Dr. McCormick and Dr. van der Walt issued a detailed report based on the evaluation and opined that Moore is presently competent to proceed to trial and that he understands the nature and consequences of the proceedings against him and can properly assist in his defense. Id.

"Determining whether a defendant is competent to stand trial 'is committed to the discretion of the district court.'" United States v. DeCoteau, 630 F.3d 1091, 1095 (8th Cir. 2011) (quoting United States v. Whittington, 586 F.3d 613, 617 (8th Cir. 2009)). There is a three-part process for determining mental competency to stand trial under 18 U.S.C. § 4241. United States v. Ferro, 321 F.3d 756, 760 (8th Cir. 2003). The first step is to determine by a preponderance of the evidence whether the defendant suffers from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]" 18 U.S.C. § 4241(d). In Dusky

v. United States, 362 U.S. 402 (1960), the United States Supreme Court said that it is not enough for the district court to find that a defendant is oriented to time and place and has some recollection of events. Instead, the question before the Court is whether the defendant presently has a rational and factual understanding of the proceedings against him and the present ability to consult with his lawyer with a reasonable degree of rational understanding. DeCoteau, 630 F.3d at 1095 (citing Dusky, 362 U.S. at 402).

Dr. McCormick and Dr. van der Walt are well-trained and competent professionals, and their opinions are reasonable, straightforward, and unchallenged. They conducted an extensive review of Moore's records and utilized several psychological tests and forensic assessments to formulate their opinions on competency. The Court incorporates by reference into this order each of the specific factual findings made by Dr. McCormick and Dr. van der Walt as to Moore's competency to stand trial. Based on the undisputed evidence in the record, and the evaluation (Doc. 124), the Court **ADOPTS** the stipulation (Doc. 125) and finds that Moore is competent to proceed, he can understand the nature and the consequences of the proceedings against him, and he is able to properly assist in his defense. See 18 U.S.C. § 4241(d). The Court will reset Moore's case for trial as soon as reasonably possible.

      **IT IS SO ORDERED**.

      Dated this 21st day of August, 2025.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court